PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ALFREDO VALENTÍN, Defendant and Appellant.

No. 3102. Argued March 15, 1927.—Decided March 17, 1927.

*Angel A. Vázquez* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant was convicted of mayhem and complains that the information does not charge the offense. The information says that defendant wrongfully, willfully and maliciously, with a *machete* inflicted a wound upon the right foot of Juan Ríos, thereby mutilating and destroying the usefulness of the said member of his body. The objection is that there is no description of the wound nor specification as to the manner in which the member in question was mutilated and rendered useless. In the absence of demurrer or any citation of authority we are constrained to hold that a more definite indication as to the character of the wound was unnecessary and that the manner in which the foot was mutilated and rendered useless sufficiently appeared from the words employed.

The second ground of appeal is not so clear. It involves the rather vague proposition that the trial judge erred in charging the jury and that under the instructions given the jury was obliged to find the defendant guilty of mayhem.

In the argument appellant points out that the court refused an instruction as to simple assault requested by the

defense. It is also claimed that the information does not charge facts sufficient to sustain a conviction for aggravated assault. A third suggestion is that the court failed to tell the jury that in case of doubt as to the commission by defendant of the higher offense then he could be convicted only of the lower. In support of the contention last mentioned we are referred to section 237 of the Code of Criminal Procedure and to *People* v. *Concepción,* 30 P.R.R. 443.

It is not pretended that there was any evidence to warrant a charge upon the question of simple assault, save in so far as appellant assumes without attempting to show that an assault with a *machete* is not an aggravated assault. It is true that the information does not aver that the *machete* wielded by defendant was a deadly weapon, but whether it was or not would depend upon the manner of its use and, in the absence of timely objection, defendant was sufficiently informed in this regard when told that with a *machete* he had wrongfully, wilfully and maliciously inflicted a wound which deprived a human being of the use of one of the principal members of his body.

In the case referred to this court said:

"Section 286 of the Code of Criminal Procedure, as amended by Act. No. 22 of March 11, 1913, provides that on an information for the crime of mayhem, the jury may find the defendant guilty of the crime of aggravated assault and battery, or of simple assault and battery, provided that at the trial it has been proved that the person assaulted has not lost the use of any important member of his body; therefore, the last ground of the court's refusal to give the instruction asked for is erroneous. But we would not reverse the judgment for that reason because the court in fact charged the jury that they could find a verdict of guilty of aggravated assault and battery if they considered that the wound was a serious one."

There is no intimation in the instant case that defendant requested any such instruction as was refused in *People* v. *Concepción, supra,* or that defendant called the attention of

the court below to the omission now complained of, or that any exception was taken to the instructions as given.

From the opinion in the *Concepción Case* we also take the following extract:

"The judge did not specifically instruct the jury as to what constitutes aggravated assault and battery, but the defendant having accepted the instructions as given, in that he failed to ask that they be amplified or that the court give the specific instructions now alleged to have been omitted, he can not attack them later as deficient or incomplete."

The judgment appealed from must be affirmed.